IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COURTNEY MARKS; | ) |
| | ) |
| Plaintiff | ) Civil Action No. _____ |
| | ) |
| v. | ) COMPLAINT AND |
| | ) JURY TRIAL DEMAND |
| ANGELS CARE, LLC and | ) |
| DONISE ROGERS | ) |
| | ) COLLECTIVE ACTION |
| Defendants. | ) |

Plaintiff Courtney Marks, through undersigned counsel, hereby alleges as follows:

**THE PARTIES**

1. Courtney Marks is an individual of the full age of majority and a resident of Jefferson Parish, Louisiana.

2. Defendant Angels Care LLC ("Angels Care") is a Louisiana limited liability company with its domicile address and headquarters in St. John the Baptist Parish, Louisiana.

3. Angels Care operates a second location in Jefferson Parish, Louisiana.

4. Donise Rogers is the sole member and officer of Angels Care LLC. Ms. Rogers is a resident and domiciliary of the state of Louisiana.

**JURISDICTION AND VENUE**

5. This Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Defendants reside within this District, and a substantial part of the events or

omissions giving rise to this claim occurred within this District. Venue is therefore proper in this Court. 28 U.S.C. § 1391.

7. Defendants are engaged in commerce pursuant to 29 U.S.C. § 203(s).

8. Defendants' annual volume of sales made and business done has exceeded $500,000 for each year during the relevant time period.

9. Donise Rogers is the day-to-day manager of Angels Care LLC and acts, or has the power to act, on behalf of the company.

10. Donise Rogers has the power to, and does, set company-wide pay practices and policies.

## FACTUAL ALLEGATIONS

11. Angels Care operates a home care agency. Angels Care workers travel to the homes of elderly and disabled individuals and assist these individuals in caring for themselves.

12. Courtney Marks worked for Angels Care from February 2013 until March 2018.

13. Defendants told Ms. Marks that her regular rate of pay would be $8.00 an hour.

14. Prior to October 2013, employees of home care agencies were considered exempt from the Fair Labor Standards Act overtime requirements.

15. Effective October 1, 2013, Department of Labor regulations stated that third party employers of home care workers, such as Angels Care LLC, were not eligible to claim an FLSA overtime exemption. 29 C.F.R. § 552.109.

16. Although this regulation was subject to legal challenge, the regulation was ultimately upheld on appeal. *Home Care Ass'n of Am. v. Weil*, 799 F. 3d 1084 (D.C. Cir. 2015), *writ denied*, 136 S. Ct. 2506 (2016).

17. The nature of the home care industry demands long hours on the part of

employees.  It was not uncommon for Ms. Marks to work 60-70 hours in a single workweek, and sometimes more.

18.  Angels Care did not pay overtime premiums to Ms. Marks, or to its other employees, for hours worked over forty in a workweek.

19.  In or around June 2017, Ms. Marks contacted the Department of Labor and complained about Angels Care's pay practices.

20.  The Department of Labor conducted an investigation and determined that Angels Care had violated the Fair Labor Standards Act by misclassifying workers as "independent contractors" and therefore not paying overtime.

21.  The Department of Labor further found that other workers had been classified as "employees," but were nevertheless paid straight time in lieu of overtime when working over forty hours in a workweek.

22.  The Department of Labor further found that Angels Care "backed into" overtime payments for some workers by setting an artificially low regular rate that ultimately resulted in the worker receiving an agreed-upon straight time rate for all hours worked, and that Angels Care had otherwise manipulated regular rates to show overtime payments without *actually* paying overtime.

23.  The Department of Labor assessed a payment of back wages, but did not require Defendants to pay liquidated damages or interest.

24.  The Department of Labor's investigation was limited to the period from November 12, 2015 through March 23, 2017.

25.  However, Angels Care committed these same FLSA violations both before and after the dates covered by this investigation.

26.  As an example, in the week ending May 6, 2017, Ms. Marks worked 64 hours.  At

her $8.00 per hour regular rate, she was entitled to payment of $608.00 (($8.00 x 40 hours) + ($12.00 x 24 hours)). She was only paid $490.14.

27. As another example, for the week ending June 3, 2017, she worked 53.75 hours and was entitled to payment of $485.00 (($8.00 x 40 hours) + ($12.00 x 13.75 hours)). She was only paid $428.00.

28. A review of Ms. Marks' pay records reveals that her effective pay rate would change on a week-by-week basis, often without explanation.

29. These, and other, violations, were not within the Department of Labor's investigative period and were therefore not covered by any release.

30. Defendants also promised to pay Ms. Marks mileage reimbursement for certain travel expenses, including driving clients to doctors' appointments and to Arc of New Orleans.

31. Defendants often failed to pay the full amount of expenses incurred.

## COLLECTIVE ACTION CLAIMS

32. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all other current and former similarly situated employees who worked for Defendants within three years prior to the date of filing this lawsuit.

33. Other individuals working for Defendants were likewise denied overtime premiums in violation of federal law.

34. The proposed FLSA collective is defined as:

> All individuals employed by Angels Care, LLC and/or Donise Rogers at any time within three years of the date of the filing of the Complaint in this action, and who were not paid overtime premiums for all hours worked.

35. Plaintiff is similarly situated to the remaining members of the collective, who have all been subjected to the same unlawful scheme.

36. Ms. Marks' co-worker, Yolanda Franklin, has signed a consent to join this lawsuit, which will be filed contemporaneously with this Complaint.

37. Plaintiff requests that, at the soonest practicable time, the Court order that notice be given to the remaining members of the collective so that they may exercise their right to opt in to this action.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME (29 U.S.C. § 207)

38. Plaintiffs hereby reallege and reincorporate paragraphs 1-37.

39. The FLSA requires that employers pay nonexempt employees overtime premiums for all hours worked over forty in a workweek.

40. Defendants failed to pay Plaintiff, and the members of the collective, all overtime premiums owed.

41. Defendant's actions herein were willful and not based in a good faith belief that these actions were in accordance with the law.

42. Plaintiff and the members of the proposed collective have been injured in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED CONTRACT / UNJUST ENRICHMENT

43. Plaintiff hereby realleges and reincorporates paragraphs 1-42.

44. Like Defendants' other employees, Plaintiff entered into an implied contract for the provision of services in exchange for regular pay.

45. Plaintiff performed services for Defendants pursuant to the terms of the implied contract.

46. Defendants have not paid Plaintiff pursuant to the terms of the implied contract,

or have paid her less than the implied contract, by not paying her the $8 per hour regular rate as promised and pay not paying all reimbursements and other payments as promised.

47. In the alternative, Defendants' failure to pay for Plaintiff's labor has unjustly enriched them and impoverished Plaintiff, and Plaintiff is entitled to recover on a *quantum meruit* basis. There is no justification for Defendants' unlawful actions, and Plaintiff has no other adequate remedy at law for Defendants' nonpayment.

48. Defendants' unlawful actions have injured Plaintiff and the members of the collective in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

## FLSA RETALIATION (NAMED PLAINTIFF ONLY)

49. Plaintiff hereby realleges and reincorporates Paragraphs 1-48.

50. The FLSA anti-retaliation provision makes it illegal for an employer to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3).

51. Plaintiff engaged in protected activity by complaining to the Department of Labor about the underpayment of wages and overtime.

52. Defendants were aware that Plaintiff was the individual who complained to the Department of Labor.

53. Defendants significantly reduced Plaintiff's hours in retaliation for her protected activity.

54. Defendants assigned Plaintiff to undesirable work locations and assignments in retaliation for her protected activity.

55. Defendants' retaliatory actions qualify as constructive discharge.

56. As a result of Defendants' retaliatory actions, Plaintiff has suffered damages and seeks remedies including unpaid back pay and benefits, reinstatement or (in the alternative) front pay, emotional distress damages, and other damages to be proven at trial; as well as liquidated damages.

57. Plaintiff hereby requests a trial by jury on all counts.

**WHEREFORE**, Plaintiff and the members of the collective respectfully pray for judgment as follows:

    a. That this case be allowed to proceed as a collective action;

    b. For an award of all unpaid wages and overtime according to proof;

    c. For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

    d. For an award of reasonable attorney's fees;

    e. For costs of suit;

    f. For injunctive and equitable relief as provided by law;

    g. For pre and post-judgment interest (if liquidated damages are not awarded);

    h. For such other general or special damages as may be proven at trial; and

    i. For such other and further relief as may be just and proper.

Respectfully Submitted,

*/s Charles J. Stiegler*
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com